**SO ORDERED.**

**SIGNED November 19, 2007.**



_____
HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE:                                                                                        CASE NO. 07-80365
   WILLIE JIM HOWELL
   JULIE FAYE HOWELL

**REASONS FOR DECISION**

This matter comes before the court on the Chapter 13 Trustee's objection to confirmation of the first amended Chapter 13 Plan filed by these Debtors. This is a core proceeding pursuant to 28 U.S.C. 157(A) and (L). Jurisdiction is proper per 28 U.S.C. §1334 and by reference from the District Court pursuant to Local District Court Rule 83.4.1, incorporated into Local Bankruptcy Rule 9029.3. No party has moved to withdraw the reference and the district court has not done so on its own motion. This Court makes the following findings of facts and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. Pursuant to these reasons, the objection is overruled.

**Findings of Facts and Conclusions of Law**

Debtors filed a case under Chapter 13 on April 24, 2007. The Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (hereinafter referred to as

"Form B-22C") and Chapter 13 were also filed that date, wherein debtors proposed a $386.00 payment per month for total of 60 months, with unsecured creditors receiving a 0% dividend. That plan was confirmed on July 5, 2007. Since the confirmation of that plan, the debtors have alleged a change in circumstances negatively affecting the monthly income of the debtors. An amended plan was filed pursuant to 11 U.S.C. §1329(a)(1)-(3), lowering the monthly payments, reducing the length of the plan to 36 months, and surrendering a "910" vehicle to the secured creditor. The Chapter 13 Trustee objected to the amended plan on the basis that the Form B-22C dictates the filing of a 60 month plan, and that plan length having been confirmed pursuant to the original plan, the debtors cannot amend the plan to shorten the length of the plan to less than 60 months.

The 2005 Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") changed the way the Chapter 13 plan length is calculated, stating that the "applicable commitment period" is determined by the Statement of Current Monthly Income. Above-median income debtors are required to make monthly payments for 5 years, and below-median debtors are required to make payments for 3 years. 11 U.S.C. §1325(b)(4). At the confirmation hearing, counsel to the Chapter 13 Trustee cited *In re: Schanuth*, 342 B.R. 601 (Bankr.W.D.Mo. 2006), in support of the assertion that the applicable commitment period is temporal in nature, and as extrapolated to this case, that an above-median debtor must file a 60 month plan. That case, however, dealt with the filing a 22-month original plan, and did not consider an amended plan and the effect of an amendment made pursuant to §1329(a)(2). Rather, that court held that the plan length is determined by §1325(b)(4), and the debtors' plan therein was not feasible because it proposed payments in excess of the disposable income. That is not the issue that is before the court herein.

Counsel for the debtors cites in support of the amendment *In re: Fuger*, 347 B.R. 94

2

(Bankr.D.Utah 2006). However, this Court finds most persuasive the reasoning stated in *In re Ewers*, 366 B.R. 139 (Bankr.D.Nev. 2007), which recognizes the fact that §1329(a)(2) permits a plan amendment to extend or reduce the time for making plan payments, and to hold that §1325(b)(4) precludes such an amendment would render §1329(a)(2) meaningless. Further however, the *Ewers* opinion balances that finding with the holding that the amendment must also be made in good faith. Therefore, while the debtors herein may amend the plan to reduce the plan length, an objection to the reduction of time for payments may succeed if it alleges the amendment is made in bad faith. Since the present objection does not allege bad faith, but merely objects to the term of the plan, it must be overruled. This Court believes this is the most sensible and balanced approach to the issue and adopts the *Ewers* opinion in its entirety, attached hereto.

## Conclusion

Considering the foregoing facts and this Court's adoption of the reasoning and holding in *In re Ewers*, 366 B.R. 139 (Bankr.D.Nev. 2007), attached hereto, the Objection of the Chapter 13 Trustee is OVERRULED without prejudice to the filing of a new objection on the basis of bad faith of the debtors, if such objection can be asserted. Debtors shall be allowed to amend the plan accordingly, and a confirmation hearing on the first amended plan will be held on November 29, 2007. A separate and conforming order will be entered.

# # #

Westlaw.

366 B.R. 139   Page 1

366 B.R. 139
**(Cite as: 366 B.R. 139)**

C
In re Ewers
Bkrtcy.D.Nev.,2007.

United States Bankruptcy Court,D. Nevada.
In re Donald L. and Susan L. EWERS, Debtor(s).
**No. BK-S-06-10179-LBR.**

Jan. 18, 2007.
Feb. 26, 2007.

**Background:** Chapter 13 debtors whose income was above the median for debtors in that area on date their petition was filed, but whose income dropped significantly when they retired after petition date, moved to modify their confirmed plan in order to shorten its five-year term, and trustee objected on theory that plan had to extend for five years unless unsecured creditors were paid in full.

**Holding:** The Bankruptcy Court, Linda B. Riegle, J., held that mere fact that Chapter 13 debtors, as debtors whose income was above the median for debtors in that area on date their petition was filed, had to propose five-year plan in order to obtain confirmation over objection of trustee or unsecured creditor did not mean that debtors could not subsequently modify their plan to reduce its term.

So ordered.
West Headnotes
**[1] Statutes 361 €==188**

361 Statutes
   361VI Construction and Operation
      361VI(A) General Rules of Construction
         361k187 Meaning of Language
           361k188 k. In General. Most Cited Cases
Court must first look to language of statute when construing it.

**[2] Statutes 361 €==188**

361 Statutes
   361VI Construction and Operation
      361VI(A) General Rules of Construction
         361k187 Meaning of Language
           361k188 k. In General. Most Cited Cases
As long as statutory scheme is coherent and consistent, there generally is no need for court to inquire beyond plain language of statute in construing it.

**[3] Statutes 361 €==208**

361 Statutes
   361VI Construction and Operation
      361VI(A) General Rules of Construction
         361k204 Statute as a Whole, and Intrinsic Aids to Construction
           361k208 k. Context and Related Clauses. Most Cited Cases
Words of statute must be read in their context and with view to their place in overall statutory scheme.

**[4] Bankruptcy 51 €==2021.1**

51 Bankruptcy
   51I In General
      51I(B) Constitutional and Statutory Provisions
         51k2021 Construction and Operation
           51k2021.1 k. In General. Most Cited Cases
In construing the Bankruptcy Code, court should not interpret one of its sections in way that would render another section superfluous. 11 U.S.C.A. § 101 et seq.

**[5] Bankruptcy 51 €==3713**

51 Bankruptcy
   51XVIII Individual Debt Adjustment
      51k3704 Plan
         51k3713 k. Time for Completion;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

366 B.R. 139

366 B.R. 139
(Cite as: 366 B.R. 139)

Page 2

Extension or Modification. Most Cited Cases
Mere fact that Chapter 13 debtors, as debtors whose income was above the median for debtors in that area on date their petition was filed, had to propose five-year plan in order to obtain confirmation over objection of trustee or unsecured creditor did not mean that debtors, whose income dropped when they retired after petition date, could not subsequently modify their plan to reduce its term, unless they paid their unsecured creditors in full; debtors' "applicable commitment period," as determined based on their income on petition date, did not forever govern term both of debtors' original and of any modified plan, and did not prevent debtors from modifying plan to "reduce the time" for their payments, as specifically permitted under statute governing modification of confirmed plan, as long as statutory requirements were satisfied, including requirement that debtors act in "good faith." 11 U.S.C.A. §§ 1325(b)(4), 1329(a)(2).

[6] Bankruptcy 51 ☞2021.1

51 Bankruptcy
   51I In General
      51I(B) Constitutional and Statutory Provisions
         51k2021 Construction and Operation
            51k2021.1 k. In General. Most Cited Cases
Construction of the Bankruptcy Code is holistic endeavor, requiring consideration of the entire statutory scheme. 11 U.S.C.A. § 101 et seq.

[7] Statutes 361 ☞223.1

361 Statutes
   361VI Construction and Operation
      361VI(A) General Rules of Construction
         361k223 Construction with Reference to Other Statutes
            361k223.1 k. In General. Most Cited Cases
Statutes should be read harmoniously, and should be construed in such a way as to give each of them meaning and effect.

[8] Bankruptcy 51 ☞3705

51 Bankruptcy

51XVIII Individual Debt Adjustment
   51k3704 Plan
      51k3705 k. Claims and Assets; Propriety and Feasibility in General. Most Cited Cases

Bankruptcy 51 ☞3713

51 Bankruptcy
   51XVIII Individual Debt Adjustment
      51k3704 Plan
         51k3713 k. Time for Completion; Extension or Modification. Most Cited Cases
"Disposable income" and other confirmation requirements that become applicable if trustee or unsecured creditor objects to proposed Chapter 13 plan do not apply to plan modifications; modified plan need satisfy only those confirmation requirements that are automatically applicable to any plan, even in absence of any objection by trustee or unsecured creditor. 11 U.S.C.A. §§ 1325(a, b), 1329.

[9] Bankruptcy 51 ☞3713

51 Bankruptcy
   51XVIII Individual Debt Adjustment
      51k3704 Plan
         51k3713 k. Time for Completion; Extension or Modification. Most Cited Cases
Bankruptcy statute governing the modification of confirmed plan recognizes that Chapter 13 debtor's circumstances may change over term of plan, and that debtor must have chance to modify plan in order to respond to new challenges. 11 U.S.C.A. § 1329.

[10] Bankruptcy 51 ☞2021.1

51 Bankruptcy
   51I In General
      51I(B) Constitutional and Statutory Provisions
         51k2021 Construction and Operation
            51k2021.1 k. In General. Most Cited Cases
Congress is presumed to act intentionally and purposefully when it includes language in one section of the Bankruptcy Code, but omits it in another section. 11 U.S.C.A. § 101 et seq.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

366 B.R. 139

366 B.R. 139
(Cite as: 366 B.R. 139)

Page 3

*140 Frank J. Sorrentino, Las Vegas, NV, for Debtor(s).

### Order on Trustee's Motion to Deny Confirmation

LINDA B. RIEGLE, Bankruptcy Judge.

At issue is the post-BAPCPA interplay between § 1325(b)(4) and § 1329(a)(2) of the Bankruptcy Code, and the question of whether debtors who have a 5-year applicable commitment period can modify their plan to 3 years without paying unsecured creditors in full. This court holds they can, so long as the requirements of 11 U.S.C. § 1329(b) are satisfied, which includes the requirement of good faith.

The debtors filed their chapter 13 petition on February 13, 2006, along with the required Form B22C "Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income." [FN1] The debtors' Form B22C identified them as above-median income debtors, and so a 5-year applicable commitment period was established under § 1325(b)(4)(A)(ii). On May 25, 2006 the debtors confirmed a 5-year plan.

> FN1. Form B22C is used by chapter 13 debtors to calculate current monthly income and the applicable chapter 13 commitment period. Above-median debtors also use the form to calculate disposable income under Section 1325(b).

The debtors retired from their jobs not long after their plan was confirmed. They then filed a modified plan to reduce the plan term from 5 years to 3 years, to reduce the amount of their payments, and to reduce the amount paid to general unsecured creditors. They have also filed a second Form B22C, which reports their income as below the applicable state median, and lists the applicable commitment period as 3 years, instead of the prior-listed 5 years that was first calculated on their initial Form B22C.

The trustee opposes the debtors' modification. She argues that § 1329, the section on modification, does not permit a debtor to shorten a plan term to less than the debtor's applicable commitment period in § 1325(b) without full payment to unsecured creditors.[FN2] The trustee makes three arguments in support of her interpretation of these two statutes. First, a debtor's applicable commitment period in § 1325(b)(4)(A), the trustee argues, is a "temporal requirement" or "time period" in which a debtor must pay into a chapter 13 plan and cannot be modified without full *141 payment to unsecureds pursuant to § 1325(b)(4)(B). Second, she argues that a debtor's applicable commitment period cannot be modified under § 1329(a). This is so, she contends, because an applicable commitment period is determined by a debtor's current monthly income, which by definition does not take into account post-petition income.[FN3] Third, the trustee argues that § 1329(a) does not expressly say that a debtor can shorten the applicable commitment period. " Had Congress sought to allow [the] debtors to modify their applicable commitment period," the trustee says, "Congress could have stated so in § 1329(a)(2)."

> FN2. The trustee agrees that § 1329 permits the debtors to propose a modification of the amount of their plan payments, given their post-petition reduction of income.

> FN3. Current monthly income is determined by averaging the debtor's income in the six months prior to filing bankruptcy. 11 U.S.C. § 101(10A).

This court is unpersuaded by the trustee's arguments, and by her interpretations of §§ 1329(a) and 1325(b)(4). If the trustee were correct, then § 1329(a)(2) would be rendered meaningless.

### *Discussion*

[1][2][3][4] This court begins with the bedrock principle that you first look to the language of a statute when construing it. "[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute."*United States v.*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

366 B.R. 139  Page 4
366 B.R. 139
(Cite as: 366 B.R. 139)

*Ron Pair Enter., Inc.,* 489 U.S. 235, 240-41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). It is well-established that "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Food and Drug Admin. v. Brown & Williamson Tobacco Corp.,* 529 U.S. 120, 133, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000). When construing the Bankruptcy Code, a court should not interpret one of its sections in a way that would render another section superfluous. *See Kawaauhau v. Geiger,* 523 U.S. 57, 62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

[5] The crux of the trustee's argument is that the term of a plan cannot be modified under § 1329(a) to be shorter than the debtor's applicable commitment period as calculated pursuant to § 1325(b) unless all unsecured claims are paid in full. This interpretation, however, ignores the plain language of both statutes.

Section 1325(b) deals with plan confirmation, and has the BAPCPA-added term "applicable commitment period." [FN4] This section says that if the trustee or a holder of an allowed unsecured claim objects to confirmation, the court may not approve the plan unless it provides for the payment of all unsecured creditors in full, or alternatively, all of the debtor's projected disposable income received during the applicable commitment period is applied to make plan payments. 11 U.S.C. § 1325(b)(1). The term "applicable commitment period" is defined in § 1325(b)(4) as 3 years for below-median income debtors and 5 years for above-median debtors. The plan may be less time for either if the plan provides for payment in full of all allowed unsecured claims. 11 U.S.C. § 1325(b)(4)(B).

> FN4. The term "applicable commitment period" appears in two sections of the Bankruptcy Code: § 1325 and § 1329(c). It also appears in Form B22C.

The fact that these debtors had above-median income on the date of filing, and first had an applicable period of 5 years as established under § 1325(b), does not end the story. The Bankruptcy Code expressly permits a plan to be shortened after confirmation. Section 1329(a)(2) provides:
(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be *142 modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to-

- - -

(2) extend or reduce the time for such payments[.]

[6] These two sections- § 1329(a)(2) and § 1325(b) -must be read in context with a view to their place in the statutory scheme.[FN5] They are not conflicting, but are distinct and complementary, and the structure of the Bankruptcy Code reflects this. Separate sections govern a debtor's plan at confirmation (§ 1325) and the post-confirmation plan when modified (§ 1329). It would be anomalous to think that Congress would expect a portion of § 1325 to apply to § 1329(a)(2) without saying so, or for Congress to narrowly and explicitly list the ways a confirmed plan can be modified, only to provide an exception to that rule in § 1325(b) that is neither explicitly incorporated into § 1329(a) nor obvious. If the Code had meant to limit a modified plan to the applicable commitment period first established at the outset of the case, then surely § 1329 is where that provision would have been set forth.

> FN5. Statutory construction of the Bankruptcy Code is a "holistic endeavor" requiring consideration of the entire statutory scheme. *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

[7][8] Statutes should be read harmoniously, and should be construed in such a way as to give each of them meaning and effect. *See In re Cervantes,* 219 F.3d 955, 961 (9th Cir.2000). Taking the two statutes together, § 1325(b) and § 1329(a)(2), the plain meaning of each achieves a harmonious

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

366 B.R. 139                                                                                                                                           Page 5

366 B.R. 139
**(Cite as: 366 B.R. 139)**

statutory scheme. There are plans, and there are modified plans.[FN6] Section 1329(b)(1) says that the modified plan must meet some of the same criteria for the original plan, such as the requirement of good faith under § 1325(a).[FN7] Adherence to the applicable commitment period, however, is not one of those requirements. The Bankruptcy Appellate Panel has previously recognized these two sections have distinct application, and that § 1325(b) does not apply to plan modifications. *In In re Sunahara,* 326 B.R. 768 (9th Cir. BAP (Cal.) 2005), a pre-BAPCPA case, the debtor sought a modification to pay his plan off early. The trustee objected on the grounds that the term of the plan could not be shortened unless all allowed claims were paid in full. Holding that the disposable income test of § 1325(b)(1)(B) does not apply to modified plans, the panel went on to state that:

> FN6. "A modified plan is essentially a new plan." *In re Profit,* 283 B.R. 567, 574 (9th Cir. BAP (Nev.) 2002).
>
> FN7. Section 1329(b)(1) states the following:
> Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under section (a) of this section.

Section 1329(b) expressly applies certain specific Code sections to plan modifications but does *not* apply § 1325(b). Period. The incorporation of 1325(a) is not, as has been posed by some courts, the functional equivalent of an indirect incorporation of § 1325(b). Under § 1325(b), only the 'requirements of Section 1325(a)' apply to modifications under § 1329(a).§ 1329(b). As previously noted, § 1325(a) requires that '*except as provided in* [1325]b, the court shall confirm a plan if ....' Thus, the 1325(a) confirmation requirements incorporated into § 1329(b) *exclude* the provisions of 1325(b).
***143** Sunahara,* 326 B.R. at 781 (emphasis in the original). It is therefore plain from *Sunahara* that the applicable commitment period referred to in § 1325(b) is not incorporated into § 1329, which is the Code's provision for plan modifications.

[9] This court also rejects the trustee's argument that a reduction in post-petition income is not relevant to modification because the applicable commitment period in § 1325 is set by current monthly income, which is backward-looking as statutorily defined. To hold as the trustee urges would make § 1325(b) a catchall for debtors and, as stated earlier, render § 1329(a)(2) a nullity. That is, no debtor whose current monthly income was above the state median as calculated when the petition was filed could ever modify his plan to be shorter than 5 years. This is inconsistent with the legislative history of § 1329, which reveals a general understanding that a debtor's circumstances can change over the term of a chapter 13 plan, and that debtors must have the chance to modify the plan in order to respond to new challenges.[FN8] While it is true that the 3 and 5-year periods in § 1325(b) refer to plan lengths, and are "time periods" as the trustee contends, these two applicable commitment periods do not forever define the duration of a chapter 13 plan.[FN9]

> FN8. The legislative history reveals an acknowledgment that unforeseen events can occur in the life of a debtor during the term of a chapter 13 plan. The House Report suggests that modification be permissible "if a problem arises in the execution of the plan" and mentions events such as "a natural disaster, a long-term layoff, or family illness or accidents with attendant medical bills." H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 125 (1977), U.S.Code Cong. & Admin.News, 1977, p. 5963.
>
> FN9. The court's acknowledgment that the applicable commitment periods of 3 and 5 years are "time periods" should not be construed to be a holding or inference that the applicable commitment period is a " temporal" as opposed to "monetary" requirement. That issue is not before this court.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

366 B.R. 139 Page 6

366 B.R. 139
(Cite as: 366 B.R. 139)

[10] Finally, the court rejects the trustee's argument that the debtors cannot modify their plan to 3 years because § 1329(a)(2) lacks any express language that says the applicable commitment period can be shortened. As explained earlier, the term "applicable commitment period" appears in § 1325 in the context of plan confirmation. Congress is presumed to act intentionally and purposefully when it includes language in one section of the Bankruptcy Code, but omits it in another section. *In re Cole,* 226 B.R. 647, 653-54 (9th Cir. BAP (Cal.) 1998).[FN10] BAPCPA added the term in § 1329(c), which deals with the *maximum* length of a modified plan, obviously as a conforming amendment. Before BAPCPA, § 1329(c) said that "[a] plan modified under this section may not provide for payments over a period that expires after *three years* ...." (Emphasis added.) Now, post-BAPCPA, plans are either 3 or 5 years in length, as determined by the debtor's income. "Three years" in § 1329(c) was switched to "the applicable commitment period under section 1325(b)(1)(B)," no doubt, to be harmonious with § 1325(b).

> FN10. Discussing Congress' failure to authorize prepetition waivers of discharge, while at the same time authorizing certain postpetition waivers of discharge pursuant to 11 U.S.C. §§ 524(c) and 727(a).

Accordingly, this court holds that the term of a modified plan is not restricted to the applicable commitment period that was first established under § 1325(b). The debtors' chapter 13 plan may be modified to a three-year plan without paying unsecureds in full, if the plan otherwise satisfies the requirements of § 1329(b), which *144 includes the requirement of good faith under § 1325(a).

The trustee seems to imply that the debtors' decision to retire was improperly motivated. However, this is a fact issue that is governed by § 1325(a)(3). If the trustee objects to the modification on the grounds that the requirements of § 1329(b) have not been satisfied, which includes the requirement of good faith, then the trustee must file a supplemental pleading setting forth her objections and must set the matter for a hearing. The supplemental pleading must be filed no later than 15 days after the entry of this order. The debtors will have 15 days thereafter to respond.

**IT IS SO ORDERED.**

Bkrtcy.D.Nev.,2007.
In re Ewers
366 B.R. 139

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.